**Orlando R. AVILA, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 04–93–00722–CR.

Court of Appeals of Texas, San Antonio.

Sept. 21, 1994.

David Castillo, San Antonio, for appellant.

Steven C. Hilbig, Crim. Dist. Atty., Angela Moore, Asst. Crim. Dist. Atty., Bexar County Justice Center, San Antonio, for appellee.

Before RICKHOFF, LOPEZ, and JOHN F. ONION, Jr., JJ.

JOHN F. ONION, Jr., Justice.[1]

Appellant Orlando R. Avila was charged by information with the misdemeanor offense of driving while intoxicated. Appellant waived trial by jury and entered a plea of guilty in a bench trial. The trial court assessed punishment at four months in the county jail and a fine of $500.00. The imposition of the sentence was suspended and appellant was placed on probation subject to certain conditions.

Appellant advances two points of error. First, appellant contends that the "evidence is legally insufficient against appellant to support a conviction for driving while intoxicated." Second, appellant urges that the trial court committed reversible error "when the court found there was probable cause to

---

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to Tex.Gov't

Code Ann. § 74.003(b) (Vernon 1988).

show appellant drove or operated a motor vehicle."

■ The scenario presented by the record is somewhat convoluted. Appellant filed a pretrial motion to suppress evidence claiming that his warrantless arrest was without probable cause and he asked that the fruits of any search and any statement made by him be suppressed. After a hearing, the trial court overruled the motion. Thereafter, appellant entered his guilty plea before the court. Notice of appeal was given stating that the punishment assessed did not exceed that recommended by the prosecutor and agreed to by appellant and his counsel; that the matters being raised on appeal "were all raised by written pretrial motions and ruled upon prior to trial. Specifically, Defendant's Motion To Suppress alleging Defendant was arrested without a warrant and without probable cause was denied by the Trial Court." The notice of appeal was obviously drafted to meet the "but if" provision of Rule 40(b)(1) where a plea bargain agreement was involved. TEX.R.APP.P. 40(b)(1).

The notice of appeal is the only indication in the record that there was a plea bargain. The docket sheet does not reflect the existence of a plea bargain. There is no statement of facts regarding the plea proceedings. The preprinted formal judgment form has it both ways—indicating that there was a plea bargain and that there was no plea bargain. Obviously the inapplicable part of the judgment designed to be redacted or stricken was not. The statement of facts concerning the suppression hearing makes no mention of a plea bargain. The record does not support the fact that there was a plea bargain.

The notice of appeal is not a "general" notice of appeal hoping to qualify under the "but if" clause of Rule 40(b)(1) but the exact opposite. In the light of the record in this misdemeanor case, we conclude the notice of appeal to be sufficient. *See Jack v. State,* 871 S.W.2d 741 (Tex.Crim.App.1994) (holding that a plea of guilty without a plea bargain does not waive a defendant's right to appellate review of nonjurisdictional issues arising subsequent to the entry of the guilty plea); *Lemmons v. State,* 818 S.W.2d 58, 62–63 (Tex.Crim.App.1991) (holding that in a mis-

demeanor case the "extra notice" requirement of the "but if" provision of Rule 40(b)(1) is not applicable and a general notice of appeal is sufficient even if there has been a plea bargain). We need not venture into the morass in felony cases concerning Rule 40(b)(1). *See Lyon v. State,* 872 S.W.2d 732 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994); *Davis v. State,* 870 S.W.2d 43 (Tex.Crim.App. 1994).

■ In his first point of error, appellant challenges the sufficiency of the evidence to sustain the conviction. A plea of guilty in a misdemeanor case constitutes an admission of every element of the charged offenses and is conclusive of a defendant's guilt. *Brown v. State,* 507 S.W.2d 235, 238 (Tex.Crim.App. 1974); *see also Price v. State,* 866 S.W.2d 606, 611 (Tex.Crim.App.1993); *Ex parte Martin,* 747 S.W.2d 789, 792 (Tex.Crim.App. 1988); *Ex parte Williams,* 703 S.W.2d 674, 678 (Tex.Crim.App.1986); *Dees v. State,* 676 S.W.2d 403, 404 (Tex.Crim.App.1984); *Walker v. State,* 761 S.W.2d 572, 574 (Tex.App.—San Antonio, 1988), *pet. dism'd,* 811 S.W.2d 131 (Tex.Crim.App.1991). Article 27.14(a) of the Texas Code of Criminal Procedure provides that in a misdemeanor case when the defendant has waived trial by jury and entered a plea of guilty or nolo contendere before the court "punishment may be assessed by the court either upon or without evidence, at the discretion of the court." TEX.CODE CRIM.PROC.ANN. art. 27.14(a) (Vernon 1989); *see also Brown,* 507 S.W.2d at 238; *Foster v. State,* 422 S.W.2d 447, 448 (Tex.Crim.App.1967).

It is undisputed that appellant entered a plea of guilty to the offense charged and the trial court accepted his plea. The printed form of the judgment reflects evidence was heard, but no statement of facts of the plea proceedings is to be found in this appellate record. The burden is on the appellant to present an appellate record that is sufficiently complete to demonstrate error. TEX. R.APP.P. 50(d); *Barron v. State,* 864 S.W.2d 189, 191 (Tex.App.—Texarkana 1993, no pet.); *Murphy v. State,* 864 S.W.2d 70, 72 (Tex.App.—Tyler 1992, pet. ref'd); *Ortiz v. State,* 862 S.W.2d 170, 173 (Tex.App.—San Antonio 1993, no pet.); *Kizart v. State,* 811

S.W.2d 137, 140 (Tex.App.—Dallas 1991, no pet.).

In presenting his argument under point of error one, appellant's brief makes reference to the record page numbers of the statement of facts pertaining to the hearing on the motion to suppress evidence. We are aware of the holdings that the rule in *Brown*, 507 S.W.2d 235 "does not apply to an appeal in a misdemeanor guilty plea that challenges the ruling on ... a pretrial motion." *Kraft v. State*, 762 S.W.2d 612, 613 (Tex.Crim.App. 1988); *McGlynn v. State*, 704 S.W.2d 18, 19 (Tex.Crim.App.1982); *Isam v. State*, 582 S.W.2d 441, 444 (Tex.Crim.App.1979). The motion to suppress evidence and the ruling thereon in the instant case did not involve a claim that the State failed to produce sufficient evidence to support a conviction. The motion alleged an illegal arrest and search and sought to suppress any fruits of the illegal search including any statements by appellant. A challenge to the sufficiency of the evidence to support a conviction in and of itself is not a proper subject of a motion to suppress evidence. Moreover there is nothing in the record to show that the parties offered the testimony from the suppression hearing as evidence when appellant entered his guilty plea. Point of error one is overruled.

In point of error two, appellant contends that the trial court committed reversible error when the trial court "found there was probable cause to show appellant drove or operated a motor vehicle." Appellant refers us to his argument presented in point of error one. This point is also a challenge to the sufficiency of the evidence and is without merit for the reasons earlier discussed. Appellant has not directed our attention to any finding as described, *see* Tex.R.App. 74(f), and we have found none. Obviously, appellant has reference to the trial court's action in overruling the motion to suppress, but the sufficiency of the evidence was not an issue in such action. Point of error two is overruled.

The judgment is AFFIRMED.