NO. 07-06-0039-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 3, 2007
_____

VALERIE L. MAY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;

NO. 2004-489912; HONORABLE L. B. RUSTY LADD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Valerie L. May appeals her conviction of driving while intoxicated.  Finding no merit in her challenges to the denial of her motion to suppress, we affirm.

Police found appellant asleep in the driver's seat of a vehicle stopped in a lane of traffic.  When an officer asked why she was parked in the street, appellant replied she was too drunk to drive.  The police concurred and arrested her for driving while intoxicated.  Appellant filed a pretrial motion to suppress evidence arising from the contact.  The only reporter's record before us is from the hearing on the motion to suppress.  It showed Texas

Tech Police Department officer Michael McAlister saw a vehicle stopped in a lane of traffic on Avenue Q in Lubbock about 3 a.m. The engine was running and lights were on. After McAlister woke appellant and she said she was too drunk to drive, McAlister contacted the Lubbock Police Department to investigate. City police officer James Green performed field sobriety tests and arrested appellant. At the hearing appellant stipulated she was intoxicated at the time she was interviewed by officer Green. There was no evidence of how long appellant had been stopped in the roadway, or when she had been drinking alcohol.

At the close of the hearing appellant cited *Reddie v. State*, 736 S.W.2d 923 (Tex.App.–San Antonio 1987, pet. ref'd), for the proposition that evidence a driver is intoxicated behind the wheel is insufficient to show operation of a vehicle while intoxicated. The trial judge informed the parties he would review the arguments presented and rule on the motion. The record does not contain a signed order ruling on the motion.[1] Nor is there a reporter's record from the subsequent hearing at which appellant pled guilty.[2] The judgment reflects appellant's plea, punishment of 120 days confinement and $500 fine, with confinement and half of the fine suspended for twelve months.

---

[1] The record does contain a handwritten note directing the preparation of a written order denying the motion. The State does not challenge appellant's representation the motion was denied and we will assume the trial court ruled as indicated in the note. *See* Tex. R. App. P. 33.1(a)(2) (adverse ruling is prerequisite to complaint on appeal).

[2] *See* Tex. R. App. P. 34.6(c)(5); *McDougal v. State*, 105 S.W.3d 119, 121 (Tex.App.--Fort Worth 2003, no pet.) (addressing requirement that all evidence admitted at trial be included in appellate record when challenge to sufficiency of evidence is raised).

2

Appellant now presents three issues challenging her conviction. Although each assigns error to the trial court's denial of her motion to suppress, the substance of appellant's argument in support of each issue contends the evidence was insufficient to establish she operated the vehicle while she was intoxicated.[3]

The State responds that any issue concerning the sufficiency of the evidence was resolved conclusively by appellant's plea of guilty to the misdemeanor offense of driving while intoxicated. We agree.

Appellant's motion to suppress sought to exclude evidence obtained as a result of the seizure of appellant, asserting, *inter alia*, that her detention and warrantless arrest were not supported by reasonable suspicion or probable cause. As noted, however, at the hearing on her motion, appellant asserted the position that the evidence she operated the vehicle while intoxicated was insufficient under the standard set out in *Denton v. State*, 911 S.W.2d 388, 390 (Tex.Crim.App. 1995).

In support of its contention that appellant admitted to each and every element of the misdemeanor offense by pleading guilty, the State cites *Ex parte Williams*, 703 S.W.2d 674, 682 (Tex.Crim.App. 1986), and *Brown v. State*, 507 S.W.2d 235, 238 (Tex.Crim.App. 1974). Both cases point to the statutory provision that in a misdemeanor case punishment may be assessed by the court "either upon or without evidence, at the discretion of the

---

[3] The State's brief also cites *Montoya v. State*, No. 02-03-0151-CR, 2004 Tex.App. Lexis 3464, 2004 WL 814957 (Tex.App.–Fort Worth 2004, no pet.) (memo op., not designated for publication), and *Avila*, 884 S.W.2d at 898, in support of an argument that appeal of the denial of a motion to suppress is not a proper vehicle to challenge the sufficiency of the evidence supporting a conviction. We need not address that argument.

court" after a plea of guilty or nolo contendere in open court and waiver of a jury. Tex. Code Crim. Proc. Ann. art. 27.14(a). To those cases can be added former Presiding Judge Onion's opinion for the San Antonio Court of Appeals in *Avila v. State*, 884 S.W.2d 896, 897 (Tex.App.--San Antonio 1994, no pet.), stating, "A plea of guilty in a misdemeanor case constitutes an admission of every element of the charged offenses and is conclusive of a defendant's guilt," and the cases there cited.

We do not overlook appellant's reference at oral argument to the statement in *Ex parte Williams* that "*normally* on appeal from a misdemeanor conviction based on a plea of guilty or nolo contendere there can be no question of the sufficiency of the evidence." 703 S.W.2d at 678 (emphasis added). We are unable to perceive any reason in this case, however, to deviate from that normal rule. Finding appellant's guilty plea left no question of the sufficiency of the evidence, we overrule her three issues and affirm the trial court's judgment.


James T. Campbell
Justice


Do not publish.

4