NO. 07-05-0381-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B


 

NOVEMBER 21, 2007


______________________________



JAVIER MYERS, 



 Appellant


V.



THE STATE OF TEXAS,



 Appellee

_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-407108; HONORABLE DAVID GLEASON, JUDGE


_______________________________



Dissenting Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 I respectfully dissent. 

 Of the three counts described in the indictment, each expressly accused appellant
of entering the habitation with a specific intent, that is, to commit either assault, robbery or
theft respectively. Because the indictment so alleged, it was incumbent upon the
prosecution to prove that appellant entered the abode with the stated intent. If the State
did not, then the evidence would not support the conviction.

 The majority is quite right when saying that the sufficiency of the evidence is tested
against a hypothetically correct jury charge. Curry v. State, 30 S.W.3d 394, 404 (Tex.
Crim. App. 2000). Yet, such a charge is one that accurately states the law, is authorized
by the indictment, does not unnecessarily increase the State's burden of proof, or
unnecessarily restrict the State's theories of liability, and adequately describes the
particular offense. Id., citing Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997);
Sartain v. State, 228 S.W.3d 416, 421 (Tex. App.-Fort Worth 2007, pet. ref'd). It is the
second criteria that causes me concern. 

 Simply put, the offense to be incorporated within the hypothetically correct
indictment must fall within the allegations of the indictment. For instance, if there exists
several ways in which one could commit a particular crime but the prosecution alleges less
than all of them in the indictment, then it is bound by its selection. Gollihar v. State, 46
S.W.3d 243, 255 (Tex. Crim. App. 2001); Curry v. State, 30 S.W.3d at 404-05. At least
one of the means it selected. Indeed, the differing manner and means are not merely
descriptive of an element and, therefore, subject to being ignored. Gollihar v. State, 46
S.W.3d at 254 n.15. Instead, they are elemental to conviction and must be established
when alleged. Curry v. State, 30 S.W.3d at 405. 

 Consequently, Malik and its idea of a hypothetically correct charge cannot be used
to morph allegations involving the manner and means by which a crime was committed to
some others that are unmentioned in the indictment. Nor can Malik be applied to relieve 
the State from proving the manner and means expressed in the indictment when the
evidence actually describes some other manner and means. 

 Now, one can commit burglary in several ways. He can merely enter a habitation
and commit or attempt to commit a felony, theft, or an assault. Tex. Pen. Code Ann.
§30.02(a)(3) (Vernon 2003). Or, he can enter a private habitation with the intent to commit
a felony, theft, or an assault. Id. at §30.02(a)(1). Or, he can conceal himself in a habitation
with the intent to commit a felony, theft, or an assault. Id. at §30.02(a)(2). In comparing
these differing manner and means of committing burglary, one sees that two of the three
come with a mens rea element tied to the accused's entry into the edifice, i.e. §30.02(a)(1)
and (2). One has no such element, that is, §30.02(a)(3). So, if the State opts to indict the
accused under the statute and selects a manner and means accompanied by a mens rea
requirement, Gollihar and Curry obligated it to prove that the accused had the particular
mens rea when entry occurred. And, that is what the State attempted here.

 In the count of the indictment upon which appellant was eventually tried, (i.e. Count
2), the prosecutor accused appellant of "enter[ing] a habitation with intent to commit
robbery and did then and there commit the offense of robbery." (Emphasis added). So,
having accused appellant of entering the house with such an intent, it opted to prosecute
appellant for burglary of the type described in §30.02(a)(1) of the Penal Code. In other
words, it obligated itself to prove he entered the abode with the intent to commit a felony,
theft, or an assault. This, in turn, meant that in assessing whether it carried its burden of
proof, we must determine, among other things, if there exists evidence upon which a
rational factfinder could hold beyond reasonable doubt that appellant intended to commit
robbery when he entered the house. Malik cannot relieve us from doing so. Nor can it be
used to convert allegations founded upon §30.02(a)(1) that tie entry to a particular mens
rea to one founded upon §30.02(a)(3) that has no such link. 

 Moreover, that both the prosecutor, appellant, and trial court read the indictment as
encompassing burglary under §30.02(a)(1) is established by their own words. For
instance, the trial court charged the jury that it could not convict unless it found, beyond
reasonable doubt, that appellant "enter[ed] the habitation with intent to commit robbery and
did then and there commit . . . robbery . . . ." (Emphasis added). Following that, the State
closed by arguing:

 Do you really think that day, . . . when that Defendant and his cohort, . . .
were breaking in to . . . John Hernandez's home with this crow bar that he
didn't have a plan on how he was going to get out of there if the owner had
come home?


* * *



 . . . he knew what he was going to do. He knew that this [crowbar] was the
weapon he was going to use if he had to get out . . . . He went in there with
the intent to commit robbery and he did commit the robbery.


* * *



 He went in there with the intent to commit robbery. And, guess what, folks?
He did.

(Emphasis added). In turn, defense counsel told the jury that:

 . . . what is lacking here is the intent to commit the robbery. The phrase 'and
did commit the offence of robbery,' that's true. That did happen . . . . What
you're looking at is the intent, the specific intent, at the beginning of this. 
That's what the law defines. If the specific intent was to commit theft or
commit robbery. And I will submit to you, all the evidence in this case
indicates to you it was theft. It was not robbery. There was a robbery, but
that was not the intent on the entry into the habitation.

(Emphasis added). Each of these excerpts reveals the crime for which appellant was
being prosecuted. It was burglary, of course, but the type of burglary that required entry
with a specific intent to do some other criminal act, i.e. burglary under §30.02(a)(1). There
can be no other logical reason why the litigants would so argue if appellant's mens rea
when entering the home was unimportant. And, those thoughts were incorporated into the
jury charge written by the trial court. Everyone read the indictment as encompassing
burglary under §30.02(a)(1), as opposed to burglary simply under §30.02(a)(3). 

 In sum, neither a legal nor factual sufficiency issue can be decided without
assessment of the evidence touching upon appellant's mens rea at time of entry. And,
because the majority concludes otherwise, I respectfully dissent.

 

 Brian Quinn

 Chief Justice


Do not publish.

 



o the offense of injury to a child. 
 
          Appellant testified on her own behalf. She admitted to drinking and taking
antidepressants on May 5, 2006. She testified she was placed on this medication after
attempting to commit suicide a few months earlier. She also testified she was in an
abusive relationship at the time of her arrest but since then, has made positive changes
in her life. Appellant testified her arrest “really scared” her. She stated she has had “clean”
urinalysis results, stayed out of trouble, and had been cooperative.
          Following presentation of the evidence, the court ordered a pre-sentence
investigation report and in October 2008, sentenced appellant to 200 days in County Jail
and suspended her driver’s license for one year. The trial court certified appellant’s right
of appeal, and this appeal followed.
          Appellant's appointed appellate counsel has filed a motion to withdraw and a brief
in support pursuant to Anders, in which he certifies that he has diligently reviewed the
record and, in his professional opinion, under the controlling authorities and facts of this
case, there are no reversible errors or legitimate grounds on which a non-frivolous appeal
can arguably be predicated. The brief discusses in detail the relevant facts, the procedural
history of the case and the applicable law. Counsel notes potential issues but, citing the
record and relevant law, presents his reasons for concluding that none are arguably
meritorious. Counsel has certified that a copy of the Anders brief and counsel’s motion to
withdraw have been served on appellant, and that counsel has advised appellant of her
right to review the record and file a pro se response. Johnson v. State, 885 S.W.2d 641,
645 (Tex.App.–Waco 1994, pet. ref'd). By letter, this Court also notified appellant of her
opportunity to submit a response to the Anders brief and motion to withdraw filed by her
counsel. Despite requesting and being granted two extensions, appellant has not filed a
response.
          In conformity with the standards set out by the United States Supreme Court, we do
not rule on counsel’s motion to withdraw until we have independently examined the record. 
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).          
          In his brief, counsel first addresses the voluntariness of appellant’s plea. The record
indicates the trial court thoroughly admonished appellant on the record prior to accepting
her open plea of guilty. Appellant’s counsel also questioned her on the record to ensure her
understanding. Appellant indicated her understanding of each admonishment. The record
reflects that appellant also signed and submitted written plea admonishments. The record
therefore supports the conclusion that appellant’s plea was entered freely and voluntarily
as required by article 26.13 of the Code of Criminal Procedure. See Tex. Code Crim. Proc.
Ann. art. 26.13(b) (Vernon 2007). 
          Counsel then discusses the sufficiency of the evidence presented to support the trial
court’s finding of guilt. Appellant plead guilty, thereby admitting to every element of the
charged offenses. Avila v. State, 884 S.W.2d 896, 897 (Tex.App.–San Antonio 1994, no
pet.). See also Ex Parte Williams, 703 S.W.2d 674, 682 (Tex.Crim.App. 1986); Brown v.
State, 507 S.W.2d 235, 238 (Tex.Crim.App. 1974). A plea of guilty is sufficient in a
misdemeanor case to sustain a conviction. Avila, 884 S.W.2d at 897. Too, appellant
admitted she was drinking, and acknowledged she should not have been driving. After a
complete review of the record, we agree with appellate counsel that the grounds identified
do not arguably support an appeal.
          Lastly, counsel notes the possibility that appellant might argue she had received
ineffective assistance of counsel in these proceedings. See Strickland v. Washington, 466
U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and Hernandez v. State, 726 S.W.2d 53,
57 (Tex.Crim.App. 1986) (establishing standard for effective assistance of counsel). We
agree with counsel that the record contains no support for such a contention. 
          Our review convinces us that appellate counsel conducted a complete review of the
record. We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. We agree it
presents no arguably meritorious grounds for review. Accordingly, we grant counsel's
motion to withdraw


 and affirm the judgment of the trial court.
 
                                                                                      James T. Campbell

                                                                                                Justice

 
Do not publish.