NO. 07-08-0446-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 15, 2009
_____

RAQUEL A. DAVILA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE COUNTY COURT AT LAW #1 OF LUBBOCK COUNTY;

NO. 2006-499,869; HONORABLE LARRY B. (RUSTY) LADD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Raquel A. Davila appeals from her convictions, on her open plea of guilty, of the offenses of driving while intoxicated and driving with an invalid license and her sentence of 200 days in the County Jail. Appellant's attorney has filed a brief in compliance with *Anders* v. *California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), *In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008), and certifies that there are no non-frivolous issues on which to base an appeal. Agreeing with appointed counsel's

conclusion the record fails to show any arguably meritorious issue which could support the appeal, we affirm the trial court's judgment.

In June 2006, appellant was charged by information with driving while intoxicated and driving with an invalid license[1] On September 10, 2008, appellant entered an open plea of guilty to the court.[2] The trial court admonished appellant, determined her plea was entered knowingly, freely, and voluntarily, and explained the range of punishment.

After the court's acceptance of appellant's plea of guilt, the court held a hearing regarding sentencing. The State presented the testimony of an officer and three civilian witnesses to establish that in May 2006, appellant was involved in a hit and run accident. During the investigation, officers determined appellant was intoxicated. Appellant refused to submit a breath sample and refused to perform field sobriety tests. She was arrested for driving while intoxicated and driving with an invalid license. The officer testified appellant was hostile during their encounter with her. The State also introduced the patrol motor vehicle recording of appellant and a recording of the officer's interview with appellant after her arrest. Before the court also was a 2000 judgment setting forth appellant's guilty plea to a prior driving while intoxicated offense and a 1997 judgment of deferred adjudication on appellant's plea of guilty to the offense of injury to a child.

---

[1] *See* Tex. Penal Code Ann. § 49.04 (Vernon 2003) (driving while intoxicated); Tex. Transp. Code Ann. § 521.457 (Vernon 2007) (driving with an invalid license).

[2] Appellant also signed and submitted a document entitled "Written Admonishments on Plea of Guilty or Nolo Contendere."

Appellant testified on her own behalf. She admitted to drinking and taking antidepressants on May 5, 2006. She testified she was placed on this medication after attempting to commit suicide a few months earlier. She also testified she was in an abusive relationship at the time of her arrest but since then, has made positive changes in her life. Appellant testified her arrest "really scared" her. She stated she has had "clean" urinalysis results, stayed out of trouble, and had been cooperative.

Following presentation of the evidence, the court ordered a pre-sentence investigation report and in October 2008, sentenced appellant to 200 days in County Jail and suspended her driver's license for one year. The trial court certified appellant's right of appeal, and this appeal followed.

Appellant's appointed appellate counsel has filed a motion to withdraw and a brief in support pursuant to *Anders*, in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of this case, there are no reversible errors or legitimate grounds on which a non-frivolous appeal can arguably be predicated. The brief discusses in detail the relevant facts, the procedural history of the case and the applicable law. Counsel notes potential issues but, citing the record and relevant law, presents his reasons for concluding that none are arguably meritorious. Counsel has certified that a copy of the *Anders* brief and counsel's motion to withdraw have been served on appellant, and that counsel has advised appellant of her right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). By letter, this Court also notified appellant of her

3

opportunity to submit a response to the *Anders* brief and motion to withdraw filed by her counsel. Despite requesting and being granted two extensions, appellant has not filed a response.

In conformity with the standards set out by the United States Supreme Court, we do not rule on counsel's motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

In his brief, counsel first addresses the voluntariness of appellant's plea. The record indicates the trial court thoroughly admonished appellant on the record prior to accepting her open plea of guilty. Appellant's counsel also questioned her on the record to ensure her understanding. Appellant indicated her understanding of each admonishment. The record reflects that appellant also signed and submitted written plea admonishments. The record therefore supports the conclusion that appellant's plea was entered freely and voluntarily as required by article 26.13 of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 26.13(b) (Vernon 2007).

Counsel then discusses the sufficiency of the evidence presented to support the trial court's finding of guilt. Appellant plead guilty, thereby admitting to every element of the charged offenses. *Avila v. State,* 884 S.W.2d 896, 897 (Tex.App.–San Antonio 1994, no pet.). *See also Ex Parte Williams,* 703 S.W.2d 674, 682 (Tex.Crim.App. 1986); *Brown v.*

4

*State,* 507 S.W.2d 235, 238 (Tex.Crim.App. 1974). A plea of guilty is sufficient in a misdemeanor case to sustain a conviction. *Avila,* 884 S.W.2d at 897. Too, appellant admitted she was drinking, and acknowledged she should not have been driving. After a complete review of the record, we agree with appellate counsel that the grounds identified do not arguably support an appeal.

Lastly, counsel notes the possibility that appellant might argue she had received ineffective assistance of counsel in these proceedings. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) (establishing standard for effective assistance of counsel). We agree with counsel that the record contains no support for such a contention.

Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. We agree it presents no arguably meritorious grounds for review. Accordingly, we grant counsel's motion to withdraw[3] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. *See* Tex. R. App. P. 48.4.