

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00008-CR

_____

MARK CARL WARREN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court
Fannin County, Texas
Trial Court No. 41207

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

After a plea of guilty, Mark Carl Warren was convicted of DWI and was sentenced to six months' confinement in the county jail. His sentence was suspended, he was placed on community supervision and ordered to pay a $750.00 fine. Warren argues on appeal that the trial court erred in failing to suppress evidence of his DWI because the initial traffic stop leading to his arrest was illegal. We affirm the trial court's judgment.

We review a trial court's decision on a motion to suppress evidence by applying a bifurcated standard of review. *Rogers v. State*, 291 S.W.3d 148, 151 (Tex. App.—Texarkana 2009, pet. ref'd). While we defer to the trial court on its determination of historical facts and credibility, we review de novo its application of the law and determination on questions not turning on credibility. *Carmouche v. State*, 10 S.W.3d 323, 332 (Tex. Crim. App. 2000); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); *Graves*, 307 S.W.3d at 489. Since all evidence is viewed in the light most favorable to the trial court's ruling, we are obligated to uphold the denial of Warren's motion to suppress if it was supported by the record and was correct under any theory of law applicable to the case. *Carmouche*, 10 S.W.3d at 327; *State v. Ballard*, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999).

During the motion to suppress hearing, Trooper Cory Hale testified he stopped Warren because he "noticed a vehicle passed me and his [rear] license plate light was not working." Hale

found it strange that Warren "passed over his driver's license a couple of times looking for it" although Hale saw it was right in front of Warren. Hale smelled alcohol on Warren's breath, gave field sobriety tests, which Warren failed, and arrested him for DWI.

Because a routine traffic stop implicates the United States and Texas Constitutions, the traffic stop must be reasonable. *Berkemer v. McCarty*, 468 U.S. 420, 436–37 (1984); *Francis v. State*, 922 S.W.2d 176, 178 (Tex. Crim. App. 1996); *see* U.S. CONST. amend. IV; TEX. CONST. art. I, § 9. "If an officer has a reasonable basis for suspecting that a person has committed a traffic offense, the officer may legally initiate a traffic stop." *Zervos v. State*, 15 S.W.3d 146, 151 (Tex. App.—Texarkana 2000, pet. ref'd); *Graves*, 307 S.W.3d at 489; *see* TEX. CODE CRIM. PROC. ANN. art. 14.01(b) (Vernon 2005). Subsection 547.322(f) of the Texas Transportation Code requires "[a] taillamp or a separate lamp" to be "constructed and mounted to emit a white light that: (1) illuminates the rear license plate; and (2) makes the plate clearly legible at a distance of 50 feet from the rear." TEX. TRANSP. CODE ANN. § 547.322(f) (Vernon 1999). Subsection 547.322(g) further states that "[a] taillamp, including a separate lamp used to illuminate a rear license plate, must emit a light when a headlamp or auxiliary driving lamp is lighted." TEX. TRANSP. CODE ANN. § 547.322(g) (Vernon 1999). We conclude that Hale had a reasonable basis for suspecting Warren had committed a traffic offense.

Next, Warren's brief contends that the State did not prove he was driving in a "public place" and the officer was not authorized to arrest Warren for DWI.[1] This argument is based on Hale's testimony that the events occurred on "FM 273" without further identifying FM 273 as a public road or public place. He contends that the arrest was illegal, and the trial court should have granted his motion to suppress. As a prerequisite to presenting this complaint for our review, Warren must have made the complaint to the trial court stating the grounds "with sufficient specificity to make the trial court aware of the complaint." TEX. R. APP. P. 33.1. The record demonstrates that Warren's contention, that the arrest was illegal because the State did not establish it occurred in a public place, was not made in the motion to suppress or raised at the hearing. Because the complaints on appeal must comport with those made below, we conclude Warren has failed to preserve this point of error. *Foster v. State*, 874 S.W. 2d 286, 289 (Tex. App.—Fort Worth 1994, pet. ref'd).[2]

We affirm the judgment.

---

[1] To the extent Warren's briefing can be broadly read to challenge the legal and factual sufficiency of the evidence, we note that this plea of guilty was an admission of every element of the charged offense. *Ex parte Williams*, 703 S.W.2d 674, 682 (Tex. Crim. App. 1986) ("[A] plea of guilty waives all nonjurisdictional defenses including contention as to the insufficiency of the evidence."); *Avila v. State*, 884 S.W.2d 896, 897 (Tex. App.—San Antonio 1994, no pet.) ("A plea of guilty in a misdemeanor case constitutes an admission of every element of the charged offense and is conclusive of a defendant's guilt.").

[2] Hale testified that he was working "FM 273" enforcing traffic and criminal laws and investigation of accidents. He saw a vehicle with an inoperable rear license plate light. He made a u-turn and turned on his emergency lights and stopped the vehicle. Warren was identified as the driver of the vehicle. He asked to see the driver's license and proof of insurance. Hale was traveling westbound and Warren was traveling eastbound. If it was necessary to prove this occurred in a public place, we believe the evidence and reasonable inferences are sufficient to allow a reasonable fact-finder to so conclude without the term "public place" being specifically uttered.

4

Jack Carter
Justice

Date Submitted:     August 3, 2010
Date Decided:       August 4, 2010

Do Not Publish