In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00008-CR

                                                ______________________________

 

 

                                    MARK CARL WARREN,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                                  On Appeal from the County
Court

                                                             Fannin County, Texas

                                                            Trial
Court No. 41207

 

                                                                          
                        

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                     MEMORANDUM 
OPINION

 

            After
a plea of guilty, Mark Carl Warren was convicted of DWI and was sentenced to
six months’ confinement in the county jail.  His sentence was suspended, he was placed on
community supervision and ordered to pay a $750.00 fine.  Warren argues on appeal that the trial court
erred in failing to suppress evidence of his DWI because the initial traffic
stop leading to his arrest was illegal. 
We affirm the trial court’s judgment. 

            We
review a trial court’s decision on a motion to suppress evidence by applying a
bifurcated standard of review.  Rogers v. State, 291 S.W.3d 148, 151 (Tex.
App.––Texarkana 2009, pet. ref’d).  While
we defer to the trial court on its determination of historical facts and
credibility, we review de novo its application of the law and determination on
questions not turning on credibility.  Carmouche v. State, 10 S.W.3d 323, 332
(Tex. Crim. App. 2000); Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997); Villarreal
v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); Graves, 307 S.W.3d at 489.  Since
all evidence is viewed in the light most favorable to the trial court’s ruling,
we are obligated to uphold the denial of Warren’s motion to suppress if it was
supported by the record and was correct under any theory of law applicable to
the case.  Carmouche, 10 S.W.3d at 327; State
v. Ballard, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999). 

            During
the motion to suppress hearing, Trooper Cory Hale testified he stopped Warren
because he “noticed a vehicle passed me and his [rear] license plate light was
not working.”  Hale found it strange that
Warren “passed over his driver’s license a couple of times looking for it”
although Hale saw it was right in front of Warren.  Hale smelled alcohol on Warren’s breath, gave
field sobriety tests, which Warren failed, and arrested him for DWI.  

            Because
a routine traffic stop implicates the United States and Texas Constitutions,
the traffic stop must be reasonable.  Berkemer v. McCarty, 468 U.S. 420, 436–37
(1984); Francis v. State, 922 S.W.2d
176, 178 (Tex. Crim. App. 1996); see U.S. Const. amend. IV; Tex. Const. art. I, § 9.  “If an officer has a reasonable basis for
suspecting that a person has committed a traffic offense, the officer may
legally initiate a traffic stop.”  Zervos v. State, 15 S.W.3d 146, 151
(Tex. App.––Texarkana 2000, pet. ref’d); Graves,
307 S.W.3d at 489; see Tex. Code Crim. Proc. Ann. art.
14.01(b) (Vernon 2005).  Subsection
547.322(f) of the Texas Transportation Code requires “[a] taillamp or a
separate lamp” to be “constructed and mounted to emit a white light that:  (1) illuminates the rear license plate;
and (2) makes the plate clearly legible at a distance of 50 feet from the rear.”
 Tex.
Transp. Code Ann. § 547.322(f) (Vernon 1999).  Subsection 547.322(g) further states that “[a]
taillamp, including a separate lamp used to illuminate a rear license plate,
must emit a light when a headlamp or auxiliary driving lamp is lighted.”  Tex.
Transp. Code Ann. § 547.322(g) (Vernon 1999).  We conclude that Hale had a reasonable basis
for suspecting Warren had committed a traffic offense.  

            Next,
Warren’s brief contends that the State did not prove he was driving in a “public
place” and the officer was not authorized to arrest Warren for DWI.[1]
 This argument is based on Hale’s
testimony that the events occurred on “FM 273” without further identifying FM
273 as a public road or public place.  He
contends that the arrest was illegal, and the trial court should have granted
his motion to suppress.  As a
prerequisite to presenting this complaint for our review, Warren must have made
the complaint to the trial court stating the grounds “with sufficient
specificity to make the trial court aware of the complaint.”  Tex. R.
App. P. 33.1.  The record
demonstrates that Warren’s contention, that the arrest was illegal because the
State did not establish it occurred in a public place, was not made in the motion
to suppress or raised at the hearing. 
Because the complaints on appeal must comport with those made below, we
conclude Warren has failed to preserve this point of error.  Foster
v. State, 874 S.W. 2d 286, 289 (Tex. App.—Fort Worth 1994, pet. ref’d).[2]

            We
affirm the judgment.

            

                                                                                    Jack
Carter

                                                                                    Justice

            

Date Submitted:          August
3, 2010

Date Decided:             August
4, 2010

 

Do Not Publish











[1]To
the extent Warren’s briefing can be broadly read to challenge the legal and
factual sufficiency of the evidence, we note that this plea of guilty was an
admission of every element of the charged offense.  Ex parte
Williams, 703 S.W.2d 674, 682 (Tex. Crim. App. 1986) (“[A] plea of guilty
waives all nonjurisdictional defenses including contention as to the
insufficiency of the evidence.”); Avila
v. State, 884 S.W.2d 896, 897 (Tex. App.—San Antonio 1994, no pet.) (“A
plea of guilty in a misdemeanor case constitutes an admission of every element
of the charged offense and is conclusive of a defendant’s guilt.”).

 





[2]Hale
testified that he was working “FM 273” enforcing traffic and criminal laws and
investigation of accidents.  He saw a
vehicle with an inoperable rear license plate light.  He made a u-turn and turned on his emergency
lights and stopped the vehicle.  Warren
was identified as the driver of the vehicle. 
He asked to see the driver’s license and proof of insurance.  Hale was traveling westbound and Warren was
traveling eastbound.  If it was necessary
to prove this occurred in a public place, we believe the evidence and
reasonable inferences are sufficient to allow a reasonable fact-finder to so
conclude without the term “public place” being specifically uttered.